O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GLORIA BARAJAS,                          )  NO. ED CV 06-997-E
                                         )
                    Plaintiff,           )
                                         )
        v.                               )  **MEMORANDUM OPINION**
                                         )
JO ANNE B. BARNHART, COMMISSIONER        )  **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,       )
                                         )
                                         )
                    Defendant.           )
_____  )

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                         **PROCEEDINGS**


        Plaintiff filed a complaint on September 22, 2006, seeking

review of the Commissioner's denial of benefits.  The parties filed a

consent to proceed before a United States Magistrate Judge on

October 23, 2006.  Plaintiff filed a motion for summary judgment on

February 1, 2007.  Defendant filed a cross-motion for summary

judgment on February 16, 2007.  The Court has taken both motions

under submission without oral argument.  See L.R. 7-15; "Order,"

filed September 26, 2006.

### BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since 1997, based on a variety of

alleged impairments (Administrative Record ("A.R.") 65-68, 153, 193-

211).  In 2004, Dr. Alfonso Benton, a treating physician, opined

Plaintiff "is permanently disabled" (A.R. 153).  In 2006, an

Administrative Law Judge ("ALJ") found Plaintiff not disabled (A.R.

13-17).  In rejecting Dr. Benton's 2004 opinion, the ALJ stated that

the opinion was "unsupported by any objective findings . . . and

appear[ed] to be nothing more than patient accommodation" (A.R. 15).

The ALJ also asserted that Dr. Benton's 2004 opinion "may not reflect

Dr. Benton's current opinion" (A.R. 15).  The ALJ inferred this

possibility from a 2005 notation by Dr. Benton referring to a

"factitious disorder" in relation to Plaintiff's claimed loss of

memory (A.R. 15).  The Appeals Council denied review (A.R. 4-6).

### STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the

Commissioner's decision to determine if: (1) the Commissioner's

findings are supported by substantial evidence; and (2) the

Commissioner used proper legal standards.  See Swanson v. Secretary,

763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted).  Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . .").

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1          Section 404.1512(e) of 20 C.F.R. provides that the

2     Administration "will seek additional evidence or clarification from

3     your medical source when the report from your medical source contains

4     a conflict or ambiguity that must be resolved, the report does not

5     contain all of the necessary information, or does not appear to be

6     based on medically acceptable clinical and laboratory diagnostic

7     techniques."  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.

8     1996) ("If the ALJ thought he needed to know the basis of Dr.

9     Hoeflich's opinions in order to evaluate them, he had a duty to

10    conduct an appropriate inquiry, for example, by subpoenaing the

11    physicians or submitting further questions to them.  He could also

12    have continued the hearing to augment the record") (citations

13    omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.

14    1983) ("the ALJ has a special duty to fully and fairly develop the

15    record and to assure that the claimant's interests are considered").

16

17         In the present case, the ALJ erred by rejecting without

18    further inquiry the 2004 opinion of Dr. Benton.  Id.  To the extent

19    the ALJ believed that the opinion did not "appear to be based on

20    medically acceptable clinical and laboratory diagnostic techniques,"

21    section 404.1512(e) of 20 C.F.R. should have compelled further

22    inquiry of Dr. Benton.  The ALJ's perception of a conflict between

23    Dr. Benton's 2004 opinion and 2005 notation also should have

24    compelled further inquiry.  Id.  Similarly, to the extent the record

25    may have been ambiguous regarding whether Dr. Benton would continue

26    to maintain his 2004 opinion despite developments in 2005, the ALJ

27    should have inquired directly of Dr. Benton rather than draw

28    speculative inferences from Dr. Benton's 2005 notation.  Id.

1        In attempted avoidance of these conclusions, Defendant cites

2   Mayes v. Massanari, 276 F.3d 453 (9th Cir. 2001).  The citation is

3   unavailing.   In Mayes, the claimant argued that the ALJ erred by

4   failing to develop the record regarding a particular impairment

5   (herniated discs).  As the Ninth Circuit emphasized in rejecting this

6   argument, however, the claimant's treating physician did not even

7   diagnose herniated discs until five months after the ALJ's decision.

8   In Mayes, therefore, unlike the present case, the record before the

9   ALJ did not contain any allegedly ambiguous, conflicting or

10  insufficiently supported opinion of a treating physician.

11

12       When a court reverses an administrative determination, "the

13  proper course, except in rare circumstances, is to remand to the

14  agency for additional investigation or explanation." INS v. Ventura,

15  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

16  proper where, as here, additional administrative proceedings could

17  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

18  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

19  1496, 1497 (9th Cir. 1984).

20

21       The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

22  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

23  compel a reversal rather than a remand of the present case.   In

24  Harman, the Ninth Circuit stated that improperly rejected medical

25  opinion evidence should be credited and an immediate award of

26  benefits directed where "(1) the ALJ has failed to provide legally

27  sufficient reasons for rejecting such evidence, (2) there are no

28  outstanding issues that must be resolved before a determination of

1   disability can be made, and (3) it is clear from the record that the

2   ALJ would be required to find the claimant disabled were such

3   evidence credited." Harman at 1178 (citations and quotations

4   omitted). Assuming, arguendo, the Harman holding survives the

5   Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[2]

6   the Harman holding does not direct reversal of the present case.

7   Here, the Administration must recontact the treating physician

8   concerning "outstanding issues that must be resolved before a

9   determination of disability can be made." Further, it is not clear

10  from the record that the ALJ would be required to find Plaintiff

11  disabled for the entire claimed period of disability were the

12  opinions of the treating physician credited.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27       [2]   The Ninth Circuit has continued to apply Harman despite

28  INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th
    Cir. 2004).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  February 23, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]     The Court has not reached any of the other issues briefed by the parties, except insofar as to determine that reversal rather than remand would not be appropriate.